UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| NGONG LANG DENG, ) | |
| ) | |
|     Plaintiff, ) | Civil Action No. 3:23-CV-P264-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| LMPD, *et al.*, ) | |
| ) | |
| ) | |
|     Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of Plaintiff Ngong Lang Deng's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this action on a "Complaint for a Civil Case" form on May 24, 2023. [R. 1]. He checked diversity of citizenship as the basis for federal court jurisdiction. *Id.* at 4. However, he then listed under the "Basis for Jurisdiction . . . [for] Federal Question" the following: "False accusations, profiling, illegal surveillance, sexual harassment, child molestation, drugs dealing, discrimination, murder for hire." *Id.* Plaintiff sues the following: Louisville Metro Police Department ("LMPD"), Gordon Wright located in Kentucky, and Super 8 Hotel located in Kentucky. *Id.* at 4–5.

In the "Statement of the Claim" section of the Complaint, Plaintiff states *in toto*: "Gordon Wright and Super 8 Hotel are LMPD conspirators that were hired by LMPD that I am committing crimes in their places." *Id.* at 5. In the "Relief" section of the Complaint form, Plaintiff writes *in toto*:

>   Super 8 Hotel: False accusations and lost of my properties; Gordon Wright: false accusations, sexual harament, Housing discrimination, distribution of my criminal background checks to homeless and my social security number, name, telephone numbers.  LMPD false accusation, profiling, false arrest, itimidation.

*Id*. at 6.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist." *Id.* "Examples of the latter class are claims describing fantastic or

2

delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "a judge does not have to accept 'fantastic or delusional' factual allegations as true in [] complaints that are reviewed for frivolousness." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327–28).

### III.

Upon review, the Court finds that the Complaint contains no coherent factual allegations to support a legal theory upon which a valid legal claim may rest. Instead, Plaintiff's Complaint is comprised of exactly the type of "fantastic" and "delusional" factual allegations that warrant dismissal for frivolousness. *See*, *e.g.*, *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015). Additionally, while the Complaint itself is legible, "the words often do not form coherent sentences, nor do they convey clear thoughts." *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, at *2 (W.D. Mich. June 23, 2020). Therefore, the Complaint must be dismissed as frivolous.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Even liberally construing the *pro se* Complaint, which the Court must do, the Court concludes that the allegations meet this standard, as well.

## IV.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

This the 11th day of September, 2023.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendants
A958.014